Rockingham
No. 6549

GEORGE W. SALZER

v.

VICTOR LYNN CORPORATION & a.

January 31, 1974

*Shaines, Madrigan & McEachern* and *John R. Maher,* by brief, for the plaintiff.

*Fisher, Parsons, Moran & Temple* for defendant, Victor Lynn Corporation, filed no brief.

*Burns, Bryant, Hinchey, Cox & Shea* and *James F. Early* (*Mr. Early* orally) for the intervenor, Matrix Research & Development Corporation.

LAMPRON, J. The issue to be decided is the rights in funds held in a bank account in the name of "Victor Lynn Corporation, Oven Division". On November 4, 1970, plaintiff attached these funds to satisfy a judgment against Lynn. Matrix intervened and claimed ownership under an agreement with Lynn resulting from the sale to Lynn of Matrix's "Micro-Wave Oven" business. Salzer and Matrix filed an agreed statement of facts with the Trial Court (*King,* J.). The court made findings and rulings and held that Salzer was entitled to satisfy his judgment against Lynn from the funds in this account. Matrix's exceptions were reserved and transferred.

Under an agreement dated May 28, 1970, Matrix agreed to sell to Lynn all assets of its microwave oven business including inventory, tools, supplies, finished ovens, work in process and contracts. Matrix was to retain possession of the existing finished goods inventory which was to be released to Lynn as sales were made. The resulting accounts receivable were to be assigned to Matrix and collections thereon held in trust by Lynn and delivered in specie to Matrix to be deposited in a bank account under the name

of Lynn on which Matrix was to be the sole signatory. As further security for Lynn's note to Matrix, Lynn was to pledge all of the remaining inventory to be acquired under the agreement and any after-acquired inventory connected with the microwave oven business. All resulting accounts and their proceeds were to be assigned to and held in trust for Matrix and handled in the manner above described.

A security agreement was executed and a financing statement covering: "All of the Debtor's now owned or hereafter acquired, inventory, accounts receivable, contract rights, general intangibles relating to the production and sale of microwave ovens" was duly recorded on June 8, 1970 in accordance with the requirements of article 9 of the Uniform Commercial Code. RSA 382-A:9-401, 403. The bank account in question, bearing the designation "Victor Lynn Corporation, Oven Division" was created exclusively to carry out the purposes of this agreement. All the proceeds of sales were segregated in this account and all disbursements were made for the benefit of Matrix, either directly to it or to others for purposes related to the oven business. The only variation from the agreement was that the funds were paid out on the signatures of an official of Lynn and an official of Matrix. It is agreed that Salzer's claim against Lynn is not connected with its oven business. Also agreed is that "Victor Lynn has filed a Chapter XI proceeding under the Bankruptcy Act, and has filed a plan of arrangement and an application for confirmation of this plan".

The security agreement of the parties is governed by the pertinent provisions of article 9 of the Uniform Commercial Code. *Barry v. Bank of New Hampshire,* 112 N.H. 226, 293 A.2d 755 (1972). "The basic policy of Article 9 is to eliminate technical distinctions between forms of security devices ... and to substitute one uniform set of rules for all security transactions...." RSA 382-A:9-101, New Hampshire Comments. The security agreement of the parties when recorded on June 8, 1970, was effective according to its terms between the parties and against creditors. RSA 382-A:9-201. At this point all persons were put on notice that Matrix had reserved a priority interest

in all articles specified in the financing statement as well as "whatever [was] received when collateral . . . [was] sold, exchanged, [and] collected . . . ." RSA 382-A:9-306 (1); *Matthews v. Arctic Tire Inc.*, 106 R.I. 691, 262 A.2d 831 (1970); 4 R. Anderson, Uniform Commercial Code § 9-306:11, at 307 (2d ed. 1971).

Matrix's perfected security interest in the proceeds of the collateral sold persisted in spite of Lynn's recourse to the Bankruptcy Act. RSA 382-A:9-306 (4) (b) (c) provided that in the event of insolvency proceedings instituted by or against a debtor a secured party with a perfected security interest in proceeds has a perfected security interest in identifiable "cash proceeds" (money or checks) which are not commingled with other moneys or which are deposited in a segregated bank account. J. White and R. Summers, Uniform Commercial Code § 24-6, at 886 (1972). Contrary to plaintiff's contention the segregated account was to continue beyond six months from the date of the agreement (May 28, 1970) as it was to secure the amounts due on Lynn's promissory note payable in thirty equal monthly installments commencing August 4, 1970. The moneys in this account constituted identifiable noncommingled cash proceeds under the code. J. White and R. Summers, Uniform Commercial Code *supra.*

Matrix complied with all code requirements for perfecting its security interest in Lynn's after-acquired inventory, accounts receivable, contract rights and general intangibles related to the production and sale of microwave ovens. In accordance with their agreement cash proceeds arising from the above were deposited in trust for Matrix in the segregated account in question under their dual control. The funds in this account were protected by Matrix's perfected security interest against the claims of Lynn's creditors including the plaintiff who cannot reach these funds to satisfy his judgment. RSA 382-A:9-201.

*Intervenor's exceptions sustained.*

All concurred.